UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| United States of America | : | |
| | : | |
| v. | : | File No. 1:98-cr-56-jgm |
| | : | |
| James Porter | : | |

OPINION AND ORDER
(Doc. 104)

Defendant James Porter, a federal inmate proceeding *pro se*, has submitted an application for a writ of *audita querela* pursuant to 28 U.S.C. § 1651. In 1999, Porter was sentenced by this Court to serve 262 months in prison after a jury found him guilty of a drug-related offense. Porter now argues he should be re-sentenced in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220, 245 (2005), which held that the United States Sentencing Guidelines ("Guidelines") are advisory rather than mandatory. Specifically, Porter contends the Court could now consider the sentencing factors set forth in 18 U.S.C. § 3553. For the reasons set forth below, his motion is DENIED.

The writ of *audita querela* has been abolished with respect to civil cases, but "remain[s] available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). The Second Circuit has explained the writ "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that

is not redressable pursuant to another post-conviction remedy." Id. More recently, the Circuit has held that "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).

The Booker decision was issued after Porter's conviction and sentencing, and thus provides the potential for an objection "that has arisen subsequent to the conviction." LaPlante, 57 F.3d at 253. Although Porter does not specifically address the question of whether other post-conviction remedies are available, he notes the Court previously denied a Section 2255 motion. A subsequent Section 2255 motion would therefore be subject to the limitations on second or successive motions set forth at 28 U.S.C. § 2255(h). Those limitations require certification by the "appropriate court of appeals," and require (1) newly-discovered evidence or (2) a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Here, Porter does not point to any new evidence, and the Supreme Court has not determined whether Booker applies retroactively. See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005). However, Section 2255 would not be considered an "inadequate or ineffective" post-conviction remedy merely because

2

it was procedurally unavailable.  Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997).  "In particular, the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction framework that could make *audita querela* relief necessary."  Reese v. United States, 2011 WL 364837, at *2 (E.D.N.Y. Aug. 17, 2011) (citations omitted).

Moreover, when collateral relief is unavailable, the Second Circuit requires a "serious constitutional question."  Richter, 510 F.3d at 104.  In Richter, the court considered a petition for writ of *audita querela* in which the petitioner claimed (1) that his sentencing under the Guidelines was rendered unconstitutional by Booker, and (2) that he had no other available avenue of relief.  See id.  The Circuit reasoned that, because "'Booker does not apply retroactively to cases on collateral review,'" there was "no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack [did] not give rise to serious constitutional questions."  Richter, 510 F.3d at 104 (quoting Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005)).  This same analysis applies here.

Porter relies heavily upon Kessack v. United States, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), in which the district court held that Booker can apply retroactively via a writ of *audita querela*.  "[T]he Kessack decision has not been followed by any of the courts that have subsequently considered it," Anders v.

3

United States, 2010 WL 3636262, at *2 (S.D. Cal. Sept. 14, 2010), and the Ninth Circuit has noted that the holding in Kessack "is contrary to the law of this Circuit." United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010). Kessack is also inconsistent with binding Second Circuit precedent. See Richter, 510 F.3d at 104. The Court thus finds Kessack unpersuasive.

Accordingly, the Court finds that a writ of *audita querela* does not lie in this case, and Porter's application (Doc. 104) is DENIED.

It is further certified that any appeal taken in forma pauperis from this Opinion and Order would not be taken in good faith because such an appeal would be frivolous. See 28 U.S.C. § 1915(a).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of September, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge